JUSTICE HUNT,
dissenting:
I dissent. The application for search warrant in this case is void of any evidence to support a finding of probable cause to authorize a search of the defendant’s premises.
The “four corners” of the search warrant application consists of certain facts, the total of which should indicate a probability that incriminating items are located on the subject’s premises. While it is true that we have abandoned the two-pronged Aguilar-Spinelli test, “veracity’ and “basis of knowledge,” in favor of the more subjective “totality of the circumstances” test, those “circumstances” must at least possess a reasonable degree of independent integrity in order to contribute to a probable cause conclusion. The three circumstances test in this search warrant application — informants, an aged impression, and a prior conviction — fall pitifully short of that standard.
*364 The majority concluded that the “degree of consistent detail provided by the three informants,” in addition to two other facts, established probable cause. First of all, the three informants did not provide consistent detail. One anonymous person, Caller No. 1, called Alexander thirteen months before the arrest and stated that Garberding was growing and selling marijuana. That information was never checked by Alexander, was certainly not detailed, and was stale by the time of the present search. Further, the anonymity of Caller No. 1 made it impossible to ascertain the “veracity” and “basis of knowledge” of that person, which are highly relevant according to Illinois v. Gates, 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527, (1983). All in all, Caller No. 1 fails as a reliable informant for probable cause purposes.
Caller No. 2 told Alexander that her husband had asked her to call and report that Garberding had a marijuana growing operation. Presumably she received the detail contained in her call from her husband who had asked her to make the call; she therefore fails as an independent informant substantiating the reliability of the other two.
Caller No. 3 indeed provided a detailed description of the premises, but a detailed description standing alone does not establish probable cause. As the defendant notes:
“The notion that great detail implies personal observation rather than overhearing of barroom gossip, presupposes an honest informant. If the informant were concocting a story out whole cloth, he could fabricate in fine detail as easily as with rough brush strokes. Minute detail tells us nothing about ‘veracity.’ ”
Stanley v. State, 19 Md.App. 507, 313 A.2d 847, 862 (1974).
The foregoing establishes that the District Court had only one informant on which to rely. The other two facts contained in the four corners of the search warrant application are vague and remote at best.
One of those facts is that a deputy sheriff told Alexander that three or so years ago when he had been an employee of Clark Fork Gas, he had smelled marijuana at that residence while he was repairing a gas furnace. Garberding was not even on the premises at the time, and the deputy said he smelled the marijuana on some boys there who helped him load up a generator.
The other fact on which the majority relies is that Garberding had been convicted of marijuana distribution over five years prior to this *365 arrest. Reliance on that fact not only takes the totality of the circumstances test to the point of the ridiculous, it comes dangerously close to suggesting that persons with previous convictions have fewer Fourth Amendment protections than those without.
In short, today we hold that an over five-year-old prior conviction, combined with a three-year-old sensory impression of the premises, combined with highly questionable informants’ tips, establish probable cause within the meaning of the Fourth Amendment. It is difficult to believe that there could be more far-fetched, remote and questionable facts to support the “totality of circumstances test” than those used by this Court in this case.
We also conclude today that 23 plants and various cultivation materials constitute substantial evidence showing an intent to sell. The cases cited in the State’s brief discuss seizure of numerous individually packaged bags of drugs, packaged in a ready-to-sell manner, as evidence of intent to sell. Unlike any cases cited by the State, a search of Garberding’s residence yielded none of the packaging material found and relied upon in the cited cases. Although Garberding does not fall within the conclusive presumption of “no intent to sell where the amount is under one kilogram,” it cannot conversely be concluded that there is an intent to sell when the amount is over one kilogram — absent a finding of other sale related paraphernalia. The search only revealed items needed to grow and personally consume the marijuana. The amount confiscated itself is not indicative of an intent to sell.
Our decision today invades the Fourth Amendment protection against unreasonable search and seizure to an unconscionable extent. We have effectively replaced probable cause with possible cause — the very intrusion that the authors of the Fourth Amendment intended to prevent. We have further ignored evidentiary precedent in determining what constitutes possession with intent to sell. I would reverse the decision of the District Court.
JUSTICE SHEEHY concurs with the above dissent.